Judge Robertson
delivered the opinion of the Court.
Warner sued Broddus in covenaht, on the following writing:
“Twelve months after date, Í promise to pay Elijah Warner, eighty-five dollars in commonwealth’s paper, it being for a clock I got from William Antrum, and the clock is insured to keep good time until the money is paid, or another clock that will keep good time, by the said Antrum, THOS. BRODDUS.”
The declaration states the writing as for commonwealth’s paper, without mentioning the warranty of the clock, which it recites.
A demurrer to the declaration being sustained by the court, judgment, in chief was rendered against Warner; to reverse which, this Writ of error is prosecuted.
It was necessary to state only so much of the covenant in the declaration, as was material to show Warner’s cause of action. The covenant contained no warranty by Warner. It only referred to one of a peculiar character, made by Antrum,. who sold the clock to Broddus. If it had been a warranty by-Warner, it was not a condition precedent; and, therefore, it would n'ot have been necessary to notice it in *265 the declaration. Omitting to notice this part of the writing, or to make any averment in relation to it, Was the only objection which was made or could have been made, to the declaration. Wherefore, the demurrer ought to have been overruled.
Breck and Wickliffe, for plaintiff; Caperton, for defendant.
What connexion there Was between Warner and Antrum, or why the note was execdted to the formter, or whether there had been a breach of the warranty by Antrum, are matters which Warner was not bound to disclose, and they could not be noticed on demurrer. If any thing existed which entitled Broddus to a verdict, it ought to have been pleaded at law, or must be urged to the chancellor. The declaration is good.
Wherefore, the judgment is reversed and the cause remanded, with instructions to overrule the demurrer.